# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ST. PAUL FIRE & MARINE            :
INSURANCE COMPANY, et al.,        :
                                  :
            Plaintiffs,           :
                                  :
      v.                          :      CIVIL ACTION NO.
                                  :      1:06-CV-0735-JOF
JCS/THG, LLC d/b/a                :
The Holmes Group, et al.,         :
                                  :
            Defendants.           :

-------------------------------------------------
BED BATH & BEYOND, INC.,          :
                                  :
            Plaintiff,            :
                                  :
      v.                          :      CIVIL ACTION NO.
                                  :      1:06-CV-2190-JOF
JCS/THG, LLC, doing business as   :
The Holmes Group,                 :
                                  :
            Defendant.            :

## <u>OPINION AND ORDER</u>

This matter is before the court on Defendant JCS/THG, LLC, d/b/a The Holmes

Group, and Third-Party Defendant Philips Electronics North America Corporation's motion

to consolidate [13] in Civil Action No. 1:06-CV-2190-JOF.

On September 14, 2006, Plaintiff, Bed Bath & Beyond, Inc. (hereinafter "Plaintiff BB&B"), filed suit against Defendant, JCS/THG, LLC, d/b/a The Holmes Group (hereinafter "Defendant Holmes"), for damages arising out of a fire that occurred on a commercial property leased by Plaintiff.   Plaintiff BB&B contends Defendant Holmes' product was the cause of the fire.   Defendant Holmes filed a third-party complaint against Philips Electronics North America Corporation (hereinafter "Defendant Philips") contending that a power strip allegedly manufactured by Defendant Philips was the cause of the fire. On January 30, 2007 both Defendant Holmes and Philips filed a joint motion to consolidate this case with St. Paul Fire & Marine Insurance Co. et al v. Holmes Group, Inc., No. 1:06-CV-735, pursuant to Federal Rule of Civil Procedure 42(a).[1]   Plaintiff has filed no objections to this motion.

Looking at the other case, on March 29, 2006, Plaintiffs St. Paul Fire & Marine Insurance Co. (hereinafter "Plaintiff St. Paul") and Euro-American Properties (hereinafter Plaintiff "Euro-American) filed suit against Defendant Holmes for damages arising out of the same fire as in the case at hand.   Plaintiff Euro-American is the successor in interest to the owner of the commercial property leased by Plaintiff BB&B.   Plaintiff St. Paul provided the former owner a sum which partially compensated it for its losses.   Plaintiff St. Paul and Plaintiff Euro-American contend Defendant Holmes' product was the cause of the fire.

---

[1]Defendants mistakenly stated that the civil action number of the case with which the action should be consolidated was 1:06-CV-1735.

> Federal Rule of Civil Procedure 42(a) states:
>
> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

"The Rule is permissive and vests a purely discretionary power in the district court." *Young v. Augusta*, 59 F.3d 1160, 1168 (citing *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977) (internal quotations and citations omitted)).[2] Consolidating actions where appropriate can help avoid needless duplication of time, effort and expense on the part of the parties and the Court in discovery and at trial. *In re Air Crash Disaster,* 549 F.2d at 1014. In deciding whether to exercise its discretion to consolidate, the Court should consider "the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned." *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985). These factors weigh in favor of consolidation in this case.

---

[2]In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former United States Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981.

Both of the suits arise from a common occurrence, namely the fire that took place at the commercial location owned by the Plaintiffs in the first filed suit and leased by the Plaintiff in the current action.  Both Plaintiffs are suing Defendant Holmes for damages as a result of the fire.  In both actions Defendant Holmes has file a third-party complaint against Defendant Philips.  In both cases the court will need to determine who, if anyone, is liable for damages caused by the fire.  Therefore, the court finds it in the interests of judicial economy and conservation of resources to consolidate the two actions. Accordingly, the court GRANTS Defendants' motion to consolidate [13].

The Clerk of Court is DIRECTED to CONSOLIDATE Civil Action Nos. 1:06-CV-2190-JOF and 1:06-CV-735-JOF.

**IT IS SO ORDERED** this 19th day of June 2007.

_____s/ J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

4